KROHN v CITY OF SAGINAW

Docket No. 97106. Submitted March 2, 1988, at Lansing. Decided August 22, 1988.

Plaintiffs, Werner F. Krohn and Lucie G. Krohn, brought an action in the Saginaw Circuit Court against defendants, City of Saginaw, the Planning Commission of the City of Saginaw, and Action Auto, Inc., challenging a decision of the planning commission. Aaron Stander and others were allowed to intervene as defendants. Plaintiffs moved for an order to show cause why equitable relief in the form of an injunction should not be issued. The trial court, Robert L. Kaczmarek, J., entered an order of dismissal after finding that the court lacked subject matter jurisdiction over the subject matter based on plaintiffs' failure to file an appeal from the planning commission's decision within twenty-one days. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court correctly determined that, under the facts of this case, an appeal as of right had to be claimed within twenty-one days of the planning commission's decision. The trial court correctly dismissed the complaint as to counts I, III, IV and V for lack of subject matter jurisdiction.

2. The trial court should have dismissed count II, requesting superintending control, on the basis that under MCR 3.302(B) and 3.302(D)(2) superintending control was not an available remedy in this case. The Court of Appeals will not, however, disturb the result on appeal where the circuit court reached the right result, but for the wrong reason.

Affirmed.

1. ZONING — BOARD OF APPEALS — APPEAL.

Final decisions by a zoning board of appeals or a planning commission which possesses the authority of a zoning board of appeals may be appealed as of right to a circuit court where an appeal as of right is claimed within twenty-one days after the

REFERENCES
Am Jur 2d, Zoning and Planning § 341.
Right to intervene in court review of zoning proceeding. 46 ALR2d 1059.

entry of the order or judgment appealed from; thereafter, an appeal can only be taken by leave granted (MCL 125.585[11]; MSA 5.2935[11]; MCR 7.101[B][1], 7.101[B][2]).

2. SUPERINTENDING CONTROL — APPEAL — REMEDIES.

A complaint for superintending control may not be filed where an appeal is an available remedy; whenever an appeal is available, that method of review must be used and, if superintending control is sought, the complaint for superintending control must be dismissed (MCR 3.302[B], 3.302[D][2]).

*Robert L. Loucks, P.C.* (by *Robert L. Loucks*), for plaintiffs.

*Otto W. Brandt, Jr.,* City Attorney, for the City of Saginaw and the Planning Commission of the City of Saginaw.

*Winegarden, Shedd, Haley, Lindholm & Robertson* (by *Dennis M. Haley* and *Donald H. Robertson*), for Action Auto, Inc.

Before: SAWYER, P.J., and MICHAEL J. KELLY and J. J. RASHID,\* JJ.

PER CURIAM. Plaintiffs filed a complaint in circuit court challenging a decision of defendant planning commission and moved for an order to show cause why equitable relief in the form of an injunction should not be issued. The court denied injunctive relief and dismissed plaintiffs' complaint based upon a lack of jurisdiction over the subject matter, specifically that plaintiffs had not timely claimed an appeal from the decision of the planning commission. Plaintiffs now appeal and we affirm.

The instant dispute arises out of plans by defendant Action Auto, Inc., to build an auto parts store and gasoline service center in the City of Saginaw.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs own an adjoining parcel of property and are opposed to Action Auto's plans. Action Auto had originally placed two different requests before the planning commission which would have required a rezoning of the parcel and seven zoning variances. Those requests were denied by the planning commission. Thereafter, Action Auto placed a new request before the planning commission and requested a special land use permit and a zoning code variance. The new request eliminated the need for a rezoning and the site plan reduced the number of variances from seven to one. The sole variance was a request that the canopy over the gasoline pumps have a setback of seven feet rather than the twenty-foot setback required by the zoning code. The planning commission approved Action Auto's request by a vote of four to three. The final decision of the planning commission was made on July 22, 1986. Plaintiffs thereafter filed a complaint in circuit court challenging that decision on September 18, 1986. The trial court concluded that plaintiffs were required to appeal from the decision of the planning commission within twenty-one days of the planning commission's final decision. Since plaintiffs did not file their complaint until fifty-eight days after the final decision, the trial court concluded it was untimely. We agree.

The statutes governing zoning decisions anticipate that final decisions are made by the zoning board of appeals, which decisions may then be appealed to circuit court. MCL 125.585(11); MSA 5.2935(11). In the case at bar, the final decision was made by defendant planning commission. However, at oral argument on plaintiffs' motion for an order to show cause, plaintiffs argued that the Saginaw Zoning Code gives to the planning commission the authority of the board of appeals

to hear such matters where special requests or special uses are to be considered. Plaintiffs' argument is consistent with the manner in which Action Auto's request was handled and, therefore, we accept plaintiffs' admission in this regard as true for purposes of this appeal. It therefore follows that, if the planning commission possesses the authority of the zoning board of appeals in the present circumstances, then the provisions of MCL 125.585; MSA 5.2935 apply to the planning commission in the case at bar. Specifically, the provisions of MCL 125.585(11); MSA 5.2935(11), providing for appeals from the zoning board of appeals to circuit court, would govern an appeal of a decision of the planning commission to circuit court. Specifically, that statute allows for an appeal to circuit court from a decision of the zoning board of appeals, or, in this case, the planning commission.

However, that statute provides no time frame for the taking of an appeal to circuit court. Since no time frame is established by statute, the court rules which are generally applicable to such matters are to be applied. See *Schlega v Detroit Bd of Zoning Appeals,* 147 Mich App 79; 382 NW2d 737 (1985). An appeal as of right to the circuit court must be claimed within twenty-one days after the entry of the order or judgment appealed from. MCR 7.101(B)(1). Thereafter, an appeal can only be taken by leave granted. MCR 7.101(B)(2).

As the trial court concluded, plaintiffs did not claim their appeal within twenty-one days. Therefore, the trial court correctly concluded that it did not possess subject matter jurisdiction over the cause. To the extent that plaintiffs argue that the trial court could have treated their complaint as an application for leave to appeal, they are correct that it could have so considered the complaint. At that point, it would have been discretionary with

the circuit court whether to hear the appeal. *Schlega, supra* at 82. The fact is, however, the trial court did not choose to treat the complaint as an application for delayed appeal and plaintiffs never made such an application themselves. It is inappropriate for us to decide whether a delayed application should have been granted had it been made or had the complaint been treated as such since neither was the case. See *Schlega, supra* at 82.

For the above reasons, we conclude that the trial court correctly dismissed the complaint, at least as to count I, for lack of jurisdiction over the subject matter. For this reason, we also conclude that it is unnecessary for us to discuss plaintiffs' argument concerning whether the planning commission had the authority to consider Action Auto's amended request for a special use permit and variance.

However, it is necessary to briefly consider plaintiffs' argument that counts II through v of their complaint should not have been dismissed because they represented different causes of action not covered by the twenty-one-day appeal period provided by MCR 7.101. We agree with the trial court's result, although on one count we believe a slightly different basis for dismissal should have been utilized.

Count II of the complaint sought relief by way of superintending control. Plaintiffs are correct that their count seeking superintending control is a separate action from the appeal of the planning commission's decision and, therefore, would not have to have been filed within twenty-one days of the planning commission's decision. However, by court rule, where an appeal is an available remedy, a complaint for superintending control may not be filed. MCR 3.302(B). In fact, whenever an appeal to any court is available, that method of

review must be used and, if superintending control is sought, the complaint for superintending control must be dismissed. MCR 3.302(D)(2). Although the trial court should have dismissed the count requesting superintending control on the basis that superintending control was not an available remedy in this case based upon the above-cited court rules, we will not disturb the result on appeal where the circuit court reached the right result, but for the wrong reason. *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 313; 290 NW2d 426 (1980).

Count III of plaintiffs' complaint alleged that their state and federal due process rights were violated and that their property had been taken without just compensation as protected by the state constitution. Count IV of the complaint alleged that the planning commission action allowed an unpermitted illegal use of the subject site and constituted a nuisance per se. Lastly, count v of the complaint asked for a declaration of the parties' rights with reference to the intended construction. With respect to each of these counts, we believe that they all raise issues relative to the decision of the planning commission and the procedures employed by the planning commission in reaching that decision. Thus, they do not establish separate causes of action, but merely address alleged defects in the methods employed by the planning commission or the result reached by the commission. Accordingly, those are issues to be raised in an appeal from the decision of the planning commission. Since plaintiffs were tardy in claiming their appeal, those counts were properly dismissed.

The decision of the circuit court is affirmed. Defendants may tax costs.