BRAUN v ANN ARBOR CHARTER TOWNSHIP

Docket No. 247109. Submitted May 4, 2004, at Lansing. Decided May 20, 2004, at 9:10 A.M. Leave to appeal sought.


Charles and Catherine Braun, Edward and Muriel Pardon, and Colt Farms, Inc., brought an action in the Washtenaw Circuit Court against Ann Arbor Charter Township, alleging due process violation, equal protection violation, and inverse condemnation after the township denied their rezoning petition. The plaintiffs had sought to have rezoned land that was currently designated A-1 agricultural and R-2 single-family suburban to R-3 single-family urban and R-6 mobile home park residential. The plaintiffs neither sought review of the resolution of the township board of trustees denying rezoning nor sought a variance before the zoning board of appeals. The circuit court, Timothy P. Connors, J., granted summary disposition for the defendant, ruling that the court lacked subject-matter jurisdiction because the plaintiffs failed to exhaust administrative remedies, thus rendering their constitutional claims not ripe for review.

The Court of Appeals *held*:

The circuit court did not err when it granted summary disposition in favor of the township. Under the applicable standard set out by the United States Supreme Court in *MacDonald, Sommer & Frates v Yolo Co*, 477 US 340 (1986), and *Palazzolo v Rhode Island*, 533 US 606 (2001), the nature and extent of all permissible uses of the plaintiffs' land as currently zoned must be known to a reasonable certainty in order to determine whether there has been a taking of the plaintiffs' property. To that end, the process of petitioning the zoning board of appeals for review of the decision of the township board of trustees or of seeking a variance would have functioned as tests illustrating the extent of the economic use of the property as it is currently zoned. More specifically, whether the zoning board of appeals approves or denies a variance request allows a determination regarding the scope of the utility of the property as currently zoned. Without that agency decision-making process with respect to the permis

sible uses of the land as zoned, there is no way to discern whether the land as zoned has any reasonable beneficial use, or whether the plaintiffs' expectation interests have been destroyed. Therefore, the plaintiffs have not established that a final decision was made regarding the permitted uses of the property because the mere fact that a regulation deprived them of the ideal use of their property did not render the plaintiffs' takings claim ripe for review. Similarly, and in accordance with the Michigan Supreme Court's views expressed in *Paragon Properties Co v Novi*, 452 Mich 568 (1996), the plaintiffs' other constitutional claims, including violation of substantive due process, exclusionary zoning—substantive due process, and equal protection violation, are also subject to the rule of finality and therefore not ripe for review

Affirmed.

*Conklin, McKenney & Philbrick, P.C.* (by *Joe Phillips*), for Charles and Catherine Braun and Edward and Muriel Pardon.

*Allan Falk, P.C.* (by *Allan S. Falk*) and *Varnum, Riddering, Schmidt & Howlett LLP* (by *Teresa S. Decker, Randall W. Kraker,* and *Mark E. Hills*) for Colt Farms, Inc.

*Foster, Swift, Collins & Smith, P.C.* (by *Thomas R. Meagher* and *Brian G. Goodenough*), for Ann Arbor Charter Township.

Before: MURRAY, P.J., and NEFF and DONOFRIO, JJ.

DONOFRIO, J. Plaintiffs appeal as of right the trial court's grant of summary disposition in favor of defendant in this zoning case. Plaintiffs argue that the trial court erred when it dismissed the action because it was not ripe for adjudication. Because we are not satisfied that plaintiffs have established that a final decision was made regarding the permitted uses of the property, we find that plaintiffs' four claims are not ripe for adjudication. We affirm.

## I. SUBSTANTIVE FACTS AND PROCEDURAL HISTORY

Plaintiffs petitioned defendant to rezone approximately 363 acres of land from its current designation of A-1 agricultural and R-2 single-family suburban to R-3 single-family urban and R-6 mobile home park residential. Plaintiffs submitted a petition for rezoning together with supporting documentation. Plaintiffs attended two public hearings where the township planning commission considered the application.

The township planning commission later adopted a resolution to recommend denial of the rezoning request. Thereafter, plaintiffs submitted the application to the Washtenaw County Metropolitan Planning Commission (WCMPC) for its consideration. The WCMPC also recommended denial of plaintiffs' petition to rezone. Following the recommendations, defendant township's board of trustees adopted a resolution denying plaintiffs' petition for rezoning at a regular meeting. Plaintiffs did not file a petition for review of the board's resolution or seek a variance before the zoning board of appeals.[1] Plaintiffs filed a complaint in circuit court challenging the constitutionality of the zoning restrictions. Plaintiffs' complaint included four separate counts: (1) violation of substantive due process, (2) exclusionary zoning—substantive due process, (3) equal protection violation, and (4) inverse condemnation.

Applying *MacDonald, Sommer & Frates v Yolo Co*, 477 US 340; 106 S Ct 2561; 91 L Ed 2d 285 (1986), the trial court found that plaintiffs had not met the requirement of finality because all permissible uses of the land

---

[1] Plaintiffs sent correspondence to defendant's zoning administrator inquiring about the zoning board of appeals. The zoning administrator referred the correspondence to a law firm representing defendant. The firm responded with the opinion that the zoning board of appeals lacked jurisdiction. Plaintiffs did not petition the zoning board of appeals.

were not known to a reasonable certainty and potential uses had not been fully explored by the parties, and granted summary disposition in favor of defendant. The trial court specifically found that "plaintiff [sic] has failed to demonstrate that the regulation as applied bars all viable development on the property" and that "in the absence of an agency decision on the permissible uses of the land as zoned, it is impossible to tell whether the land as zoned has any reasonable beneficial use, or whether plaintiffs' expectation interests have been destroyed. The mere fact that the regulation at issue deprives plaintiff of its most profitable use of the land does not render plaintiffs' constitutional claims ripe for review." The trial court then granted defendant's motion for summary disposition on all counts.

## II. STANDARD OF REVIEW

The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(4). Generally, we review de novo a trial court's grant or denial of a motion for summary disposition. *Sun Communities v Leroy Twp*, 241 Mich App 665, 668; 617 NW2d 42 (2000). A summary disposition motion pursuant to MCR 2.116(C)(4) tests the trial court's subject-matter jurisdiction. "Summary disposition for lack of jurisdiction under MCR 2.116(C)(4) is proper when a plaintiff has failed to exhaust its administrative remedies." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000).

## III. ANALYSIS

On appeal, plaintiffs continue to vehemently assert that there was no uncertainty regarding the permitted uses of the property as zoned and that they had exhausted all available administrative remedies. Thus,

plaintiffs argue that the trial court erred when it dismissed this zoning action for lack of ripeness and did not reach the merits of their constitutional challenges to the existing zoning classifications of the property at issue. After reviewing the record and the applicable law, we do not find that the trial court erred when it granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(4).

The Supreme Court has stated that "[u]ntil a property owner has 'obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property,' 'it is impossible to tell whether the land retain[s] any reasonable beneficial use or whether [existing] expectation interests ha[ve] been destroyed.' " *MacDonald, supra* at 349, citing *Williamson Planning Comm v Hamilton Bank*, 473 US 172, 186, 190, n 11; 105 S Ct 3108; 87 L Ed 2d 126 (1985). Here, it is plaintiffs' position that because the township's board adopted a resolution denying plaintiffs' petition for rezoning, and the township's zoning board of appeals did not have jurisdiction to change a zoning district classification, plaintiffs properly filed a complaint in circuit court inasmuch as they had exhausted all possible administrative remedies. Conversely, defendant asserts that other alternative uses for the property may have been available and summary disposition therefore was properly granted.

The Supreme Court has also observed in the same context that its "cases uniformly reflect an insistence on knowing the nature and extent of permitted development before adjudicating the constitutionality of the regulations that purport to limit it." *MacDonald, supra* at 351. More recently, in *Palazzolo v Rhode Island*, 533 US 606, 620-621; 121 S Ct 2448; 150 L Ed 2d 592 (2001), the Supreme Court spoke again on the issue, stating:

Under our ripeness rules a takings claim based on a law or regulation which is alleged to go too far in burdening property depends upon the landowner's first having followed reasonable and necessary steps to allow regulatory agencies to exercise their full discretion in considering development plans for the property, including the opportunity to grant any variances or waivers allowed by law. As a general rule, until these ordinary processes have been followed the extent of the restriction on property is not known and a regulatory taking has not yet been established.

Both *Palazzolo* and *MacDonald* counsel that a determination of alternative uses of property as zoned is a condition precedent to a valid takings claim. In other words, the landowner must show that he sought alternative uses of the property as zoned and was denied, thus leaving the property owner with land having no economically productive or reasonably beneficial use.

Carefully applying *Palazzolo* and *MacDonald* to the case at bar, we find that the nature and extent of all permissible uses of the land at issue *as currently zoned* are not known to a reasonable certainty. Plaintiffs did not petition the zoning board of appeals to seek review of the decision by the township's board or seek a variance to the current zoning scheme. In this context, the process of seeking a variance functions as a test illustrating the extent of the economic use of the property as it is currently zoned. Whether the variance is allowed or disallowed by the zoning board of appeals allows a determination regarding the scope of the utility of the property as presently zoned. Without an agency decision on the permissible uses of the land as zoned, there is no way to discern whether the land as zoned has any reasonable beneficial use, or whether plaintiffs' expectation interests have been destroyed. *Palazzolo, supra* at 620-621; *MacDonald, supra* at 349.

For these reasons, we are not satisfied that plaintiffs established that a final decision was made regarding the permitted uses of the property in accordance with *Palazzolo* and *MacDonald*. We therefore find that summary disposition pursuant to MCR 2.116(C)(4) was proper regarding plaintiffs' inverse condemnation claim because the mere fact that the regulation at issue deprives plaintiffs of their presumed ideal use of the property does not render plaintiffs' takings claim ripe for review. *MacDonald, supra* at 353 n 9.

We stress that resorting to the zoning board of appeals should not be an unending circulation of petitions, constituting numerous proposals and requests before finality is ultimately established. Rather, the minimum variance that is necessary to place the land in productive economic use within the zoning classification, if disallowed by the zoning board of appeals, meets the finality requirement and allows the maintenance of a takings cause of action, or any other alleged deprivation. Similarly, if the zoning board of appeals dismisses the petition for want of jurisdiction, then finality is also achieved.

The Supreme Court decision in *MacDonald* dealt with claims arising under the takings clause of the Fifth Amendment. Unlike the case at bar, *MacDonald* did not involve any other constitutional claims. In *Paragon Properties Co v Novi*, 452 Mich 568, 576-577; 550 NW2d 772 (1996), our Supreme Court held that a judicial challenge to the constitutionality of a zoning ordinance, as applied to a particular parcel of land, is not ripe for judicial review until the plaintiff has obtained a final, nonjudicial determination regarding the permitted use of the land. The Court stated specifically that, "[a] challenge to the validity of a zoning ordinance 'as applied,' whether analyzed under 42 USC 1983 as a

denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality." *Id.* at 576. The purpose of this requirement is to ensure that the plaintiff has suffered an "actual, concrete injury." *Id.* at 577.

As we stated above, we are not satisfied plaintiffs established that a final decision was made regarding the permitted uses of the property. For this reason, in accordance with *Paragon*, we find that plaintiffs' remaining constitutional claims are likewise not ripe for judicial review. *Paragon, supra* at 576-577. Summary disposition of plaintiffs' remaining constitutional claims pursuant to MCR 2.116(C)(4) was appropriate.

### IV. CONCLUSION

Because we are not satisfied plaintiffs established that a final decision was made regarding the permitted uses of the property, we find plaintiffs' four claims not ripe for adjudication.

Affirmed.