FRENCHTOWN CHARTER TOWNSHIP v CITY OF MONROE

Docket No. 271398. Submitted February 13, 2007, at Detroit. Decided March 22, 2007, at 9:00 a.m.

Frenchtown Charter Township filed an action for declaratory judgment in the Monroe Circuit Court after members of the Cousino family, who owned land in the township next to an airport, requested that their land be rezoned as single-family residential. The Frenchtown planning commission had recommended approving the request, but Monroe County recommended denying it on the ground that the rezoning might be precluded by an airport approach plan that prohibited residential use in certain areas. The Cousinos filed a cross-claim against the city of Monroe and others, alleging that the characterization of their land as an airport hazard area amounted to an inverse condemnation, and also filed a counterclaim against Frenchtown Township for failing to rezone their property. The trial court, Michael W. Labeau, J., granted summary disposition to the township, the county, and the city, ruling that there had been no inverse condemnation and that Frenchtown Township could not rezone the property because state law prohibits changing a zoning designation in a manner contrary to an airport approach plan. The Cousinos appealed.

The Court of Appeals *held*:

1. To impose liability on the township, city, or county, the Cousinos must establish that these entities promulgated regulations that amounted to a taking of their property; however, those parties responsible for the regulations were dismissed from the Cousinos' cross-claim, and the remaining defendants are barred by state law from granting the Cousinos' rezoning request. Accordingly, the Cousinos are not entitled to any relief from these defendants.

2. The Cousinos' claim that the defendants violated their constitutional rights by failing to grant their rezoning request is not ripe for review because Frenchtown Township has not officially denied their request; rather, the township tabled the Cousinos' request in order to file a declaratory judgment action to clarify its obligations under state law.

Affirmed.

*Lucas Law, PC* (by *Frederick Lucas*), for Frenchtown Charter Township.

*Daniel S. White*, City Attorney, for the city of Monroe.

*Williams, Williams, Rattner & Plunkett, P.C.* (by *Ernest J. Essad, Jr.*), for the Cousinos.

Before: O'CONNELL, P.J., and SAAD and TALBOT, JJ.

SAAD, J. Donald J. Cousino and other members of his family (the Cousinos) appeal the trial court's grant of summary disposition to defendants Frenchtown Charter Township, Monroe County, and city of Monroe on the Cousinos' claims that defendants inversely condemned their property and that their actions amount to a regulatory taking. We affirm.

The Cousinos own land in Frenchtown Charter Township in Monroe County. The property is a narrow strip of land that abuts Monroe Custer Airport and runs parallel to the landing strip. The city of Monroe owns Custer Airport and the airport is located on city property. The Cousinos' property is zoned agricultural. The Cousinos submitted a rezoning request to Frenchtown Township and asked that the land be rezoned to single-family residential. The Frenchtown Planning Commission recommended approval of the rezoning request, but the Monroe County Planning Commission recommended that it be denied. Monroe County reasoned that, because Custer Airport is adjacent to the Cousinos' property, the rezoning might be precluded by an airport approach plan approved by the Michigan Aeronautics Commission in 2002. The airport approach plan was adopted for Custer Airport under § 3 of the Airport Zoning Act, MCL 259.432 *et seq.,* and, in essence, it limits how land may be used or zoned around the

airport. Under the plan, almost all of the Cousino property is located in an "accident safety zone 5," and residential land use is prohibited in that zone. Once Frenchtown Township learned about the existence of the airport approach plan, it tabled consideration of the Cousinos' rezoning request and filed an action for declaratory judgment.

The Cousinos filed a cross-claim against the city of Monroe, Monroe County, the Michigan Department of Transportation (MDOT), and the Michigan Aeronautics Commission and alleged that, because of cross-defendants' actions, the Cousinos' land lies in an airport hazard area. According to the Cousinos, this rendered the property economically worthless and amounted to an inverse condemnation of their land. The Cousinos later dismissed MDOT and the Michigan Aeronautics Commission from their cross-claim. The Cousinos also filed a counterclaim against Frenchtown Township and alleged that they had to cancel a purchase agreement for $1.75 million and, later, $2 million, because of Frenchtown Township's failure to rezone the property to single-family residential.

The parties filed motions for summary disposition and, following oral argument, the trial court ruled that Frenchtown Township could not rezone the Cousinos' property because it is prohibited by state law from changing a zoning designation in a manner contrary to the airport approach plan. The trial court further ruled that defendants' actions did not amount to a regulatory taking or inverse condemnation.

We affirm on different grounds. Regardless of how the Cousinos frame it, the crux of their argument is that, absent rezoning to single-family residential, the sale price for the property will be a fraction of the $2 million they were offered with the condition that the

property could be rezoned as single-family residential. The insurmountable legal problem with the Cousinos' position is that, pursuant to state law, Frenchtown Township, the city of Monroe, and Monroe County cannot rezone their property.

The Cousinos do not dispute that the airport approach plan for Custer Airport was properly drafted by the Michigan Aeronautics Commission under the Airport Zoning Act, MCL 259.442, MCL 259.434, and MCL 259.447. When the Cousinos applied for rezoning, MCL 125.273a provided:

> (3) *If a zoning ordinance was adopted before the effective date of the amendatory act that added this section, the zoning ordinance is not required to be consistent with any airport zoning regulations, airport layout plan, or airport approach plan.* However, *a zoning ordinance amendment adopted or variance granted after the effective date of the amendatory act that added this section shall not increase any inconsistency that may exist between the zoning ordinance or structures or uses and any airport zoning regulations, airport layout plan, or airport approach plan.* This section does not limit the right to petition for submission of a zoning ordinance amendment to the electors under section 12.
>
> (4) *If a zoning ordinance is adopted after the effective date of the amendatory act that added this section, the zoning ordinance shall be consistent with any airport zoning regulations, airport layout plan, and airport approach plan.* This section does not limit the right to petition for submission of a zoning ordinance to the electors under section 12. [Emphasis added.]

Effective July 1, 2006, MCL 125.273a of the Township Zoning Act (TZA) was repealed along with the rest of the TZA. See MCL 125.3702. However, MCL 125.3702(2) provides that "[t]his section shall not be construed to alter, limit, void, affect, or abate any pending litigation, administrative proceeding, or appeal

that existed on the effective date of this act or any ordinance, order, permit, or decision that was based on the acts repealed by this section." Further, the new statute, MCL 125.3203, provides:

(2) *If a local unit of government adopts or revises a plan required under subsection (1) after an airport layout plan or airport approach plan has been filed with the local unit of government, the local unit of government shall incorporate the airport layout plan or airport approach plan into the plan adopted under subsection (1).*

\* \* \*

(4) *If a zoning ordinance was adopted before March 28, 2001, the zoning ordinance is not required to be consistent with any airport zoning regulations, airport layout plan, or airport approach plan. A zoning ordinance amendment adopted or variance granted after March 28, 2001 shall not increase any inconsistency that may exist between the zoning ordinance or structures or uses and any airport zoning regulations, airport layout plan, or airport approach plan.* This section does not limit the right to petition for submission of a zoning ordinance amendment to the electors under section 402 or the right to file a protest petition under section 403. [Emphasis added.]

It is undisputed that the airport approach plan issued by the Michigan Aeronautics Commission designates that the Cousino property is in "accident safety zone 5" and that residential land use is prohibited in that zone. The Michigan Legislature required the issuance of the airport approach plan, it was drafted by the Aeronautics Commission, and local government units are obligated to comply with the plan under state law and are bound not to alter zoning classifications designated by the airport approach plan. MCL 125.3203(4). In order to impose liability on the township, city, or county, the Cousinos must establish that *defendants' regulation*

caused the taking. In other words, "a plaintiff must prove that the economic impact and the extent to which *the regulation* has interfered with distinct investment-backed expectations are the functional equivalent of a physical invasion by the government of the property in question." *K & K Const, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 553; 705 NW2d 365 (2005) (emphasis added). The Cousinos cannot make such a showing when the regulations were not promulgated by any of the current defendants and, if defendants granted the Cousinos' rezoning request, it would run contrary to state law. Accordingly, the Cousinos are not entitled to any relief from these defendants.[1]

We further observe that, were we to conclude that it is appropriate to consider the Cousinos' claim that defendants violated their constitutional rights when Frenchtown Township failed to grant their rezoning request, the claim is clearly not ripe for review. Frenchtown Township *tabled* the Cousinos' rezoning request in order to file its declaratory judgment action to clarify its obligations under MCL 125.273a, now MCL 125.3203. In other words, Frenchtown Township did not officially deny the Cousinos' request. For this Court to evaluate a claim that a zoning ordinance constitutes a taking of property, the complaining party must satisfy the rule of finality. The rule requires the landowner to show that " 'the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question.' " *Paragon Properties Co v City of Novi*, 452 Mich 568, 579; 550 NW2d 772 (1996), quoting *Williamson Co*

---

[1] As noted, the Cousinos dismissed MDOT and the Michigan Aeronautics Commission from their cross-claim and they are no longer parties to this action. The record does not disclose the reason for this dismissal or why the Cousinos failed to pursue any additional claims against the state, MDOT, or the Michigan Aeronautics Commission.

*Regional Planning Comm v Hamilton Bank of Johnson City,* 473 US 172, 191; 105 S Ct 3108; 87 L Ed 2d 126 (1985). In *Braun v Ann Arbor Charter Twp,* 262 Mich App 154, 159; 683 NW2d 755 (2004), this Court quoted *Palazzolo v Rhode Island,* 533 US 606, 620-621; 121 S Ct 2448; 150 L Ed 2d 592 (2001), in which the Supreme Court explained:

> "Under our ripeness rules a takings claim based on a law or regulation which is alleged to go too far in burdening property depends upon the landowner's first having followed reasonable and necessary steps to allow regulatory agencies to exercise their full discretion in considering development plans for the property, including the opportunity to grant any variances or waivers allowed by law. As a general rule, until these ordinary processes have been followed the extent of the restriction on property is not known and a regulatory taking has not yet been established."

Thus, as a prerequisite to a takings claim, "the landowner must show that he sought alternative uses of the property as zoned and was denied, thus leaving the property owner with land having no economically productive or reasonably beneficial use." *Braun, supra* at 159. The Cousinos did not make even a minimal showing under the rule of finality and, therefore, were we to consider this claim, we would hold that it is not ripe for judicial review.

Affirmed.