*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WOODCREEK OF ANN ARBOR
ASSOCIATION, RICHARD MAZZARI, and
NORA LIE,

UNPUBLISHED
March 12, 2019

Plaintiffs-Appellants,

v

No. 342848
Washtenaw Circuit Court
LC No. 17-000869-CZ

CITY OF ANN ARBOR and FDHE, LLC,

Defendants-Appellees.

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In this action related to the approval of a site plan for the development of real property in the City of Ann Arbor, plaintiffs appeal as of right the circuit court's order granting summary disposition to defendants, the City of Ann Arbor and Manchester Ann Arbor, LLC, under MCR 2.116(C)(4). We affirm.

Plaintiffs are a condominium complex in Ann Arbor and individual residents of units within that complex. Defendant Manchester Ann Arbor, LLC is the predecessor in interest of defendant-appellee FDHE, LLC. Manchester purchased a 48-acre parcel of land near plaintiffs' condominium complex with the intent to develop it into the South Pond Village condominium complex. Over the course of almost two years, Manchester worked with the Ann Arbor Planning Commission on a site plan for development of the complex. Several public hearings were held on this issue and the Ann Arbor City Council approved Manchester's site plan at a public hearing on September 6, 2016. Manchester eventually sold the real property to FDHE, LLC.

On September 1, 2017, plaintiffs filed a complaint in the circuit court against defendants, seeking the revocation of the city council's site-plan approval and any permits for the development of South Pond Village. Defendants moved for summary disposition, arguing that plaintiffs had not timely filed their appeal of the site-plan approval within the 30-day window prescribed by MCR 7.122(B). Plaintiffs opposed the motion, arguing that their complaint initiated an original action for relief, rather than an appeal of the city council's decision. The

circuit court reasoned that plaintiffs' claims were derivative of the site-plan approval process and that plaintiffs' recourse was to file an appeal of the site-plan approval. Because plaintiffs failed to timely file their appeal, the circuit court granted summary disposition to defendants under MCR 2.116(C)(4). This appeal followed.

On appeal, plaintiffs argue that the circuit court erred by dismissing their case as an untimely appeal of the city council's approval of the site plan. "A summary disposition motion pursuant to MCR 2.116(C)(4) tests the trial court's subject-matter jurisdiction." *Braun v Ann Arbor Charter Twp*, 262 Mich App 154, 157; 683 NW2d 755 (2004). "Jurisdictional questions are reviewed de novo, but this Court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction." *PIC Maint, Inc v Dep't of Treasury*, 293 Mich App 403, 407; 809 NW2d 669 (2011) (internal citation, ellipsis, block notation, and quotation marks omitted). A circuit court does not have jurisdiction to hear an appeal if it is not timely filed. See *Krohn v City of Saginaw*, 175 Mich App 193, 196; 437 NW2d 260 (1988).

MCR 7.122 "governs appeals to the circuit court from a determination under a zoning ordinance by any . . . legislative body of a city, village, township, or county authorized to enact zoning ordinances." MCR 7.122(A)(1). Under this rule, an appeal from the legislative body's decision "must be filed within the time prescribed by the statute applicable to the appeal. If no time is specified in the applicable statute, the appeal must be filed within 30 days after the approval of the minutes of the legislative body's decision or 30 days from its written decision, "whichever deadline comes first." MCR 7.122(B). This rule, however, "does not restrict the right of a party to bring a complaint for relief relating to a determination under a zoning ordinance." MCR 7.122(A)(2).

As plaintiffs recognize in their complaint, the Michigan Zoning Enabling Act authorizes local governments to require the "submission and approval of a site plan before authorization of a land use or activity regulated by a zoning ordinance." MCL 125.3501(1). In turn, MCL 125.3501(4) provides, in pertinent part, that a "decision rejecting, approving, or conditionally approving a site plan shall be based upon requirements and standards contained in the zoning ordinance." Accordingly, the city council's approval of the site plan in this case constitutes a "determination under a zoning ordinance" by a legislative body, bringing plaintiffs' challenge within the purview of MCR 7.122. Therefore, we must determine whether plaintiffs' complaint was an "appeal" of the city council's determination, MCR 7.122(B), or a "complaint for relief relating to a determination under a zoning ordinance," MCR 7.122(A)(2).

Plaintiffs pleaded four counts in their complaint. First, plaintiffs claimed that the city council's approval of the site plan was *ultra vires* because the site plan did not comply with various statutes, codes, and zoning ordinances. Second, because the city council's plan was allegedly null and void, plaintiffs claimed that they were entitled to a writ of mandamus compelling the city council to revoke its approval of the site plan. Third, plaintiffs alleged that the site-plan approval violated the Zoning Enabling Act. Finally, plaintiffs argued that the site plan violated their right to substantive due process because the city council's approval of the site plan "was unreasonable, arbitrary, and capricious."

Each count of plaintiffs' complaint raises issues concerning the adoption of the site plan by the city council. See *Krohn*, 175 Mich App at 198. These counts do not establish separate causes of action; rather, they address the alleged flaws in the city council's original decision approving the site plan. *Id*. Accordingly, we conclude that each count of plaintiffs' complaint pleaded an "appeal" from the city council's decision affirming the site plan.

Having concluded that plaintiffs' complaint constituted an appeal of the site-plan approval, we must next determine what time limits applied to the filing of plaintiffs' appeal. There is no statutory provision concerning appeals from a city council's approval of a site plan.[1] Therefore, for the circuit court to have subject-matter jurisdiction over plaintiffs' claims, plaintiffs were required to file their appeal within 30 days of the approval of the minutes delineating the city council's approval of the site plan. MCR 7.122(B). The city council affirmed the site plan on September 6, 2016, and approved the minutes pertaining to that decision on September 19, 2016.[2] Plaintiffs, however, did not file their appeal in the circuit court until September 1, 2017, nearly a year after the city council's decision. This untimely filing prevented plaintiffs from establishing the circuit court's subject-matter jurisdiction over their claims. MCR 7.122(B). Thus, the circuit court did not err by granting summary disposition to defendants under MCR 2.116(C)(4).

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford

---

[1] For instance, MCL 125.3607 governs an appeal of a legislative body's decision related to noncomforming uses or structures, see MCL 125.3208, and provides that such an appeal must be taken within 21 days after of the approval of the minutes of the decision, or within thirty days after a written decision, see MCL 125.3606(3). No similar provision applies to an appeal from a legislative body's approval of a site plan.

[2] See Ann Arbor City Council Minutes, September 19, 2016, p 10. Although the minutes of the September 19th city-council meeting were not included in the lower-court record, we take judicial notice of this public document under MRE 201.