*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOP GRADE AGGREGATES, LLC and LIBERTY
FARMS, LLC,

UNPUBLISHED
June 22, 2023

Appellants,

v

No. 361743
Kalamazoo Circuit Court
LC No. 2021-000061-AV

TOWNSHIP OF RICHLAND AND TOWNSHIP OF
RICHLAND PLANNING COMMISSION,

Appellees.

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Appellants, Top Grade Aggregates, LLC and Liberty Farms, LLC, appeal as of right the order of the circuit court affirming the decision of appellee, the Township of Richland Planning Commission (the Planning Commission), denying appellants' request for a special use permit. We vacate the circuit court's order and remand to the circuit court for further proceedings.

## I. FACTS

Liberty Farms, LLC (Liberty) owns approximately 2400 acres in appellee, Township of Richland (the Township). Top Grade Aggregates, LLC owns several gravel pits in Michigan. In 2020, appellants together applied to the Township for a special use permit to mine gravel on 292 acres of land owned by Liberty within the Township. Although the parties do not identify the zoning classification of the property, the parties appear to agree that gravel mining is a special use at the location in question necessitating a special use permit.[1]

---

[1] The Township's Zoning Ordinance identifies the permitted uses for each zoning district and those uses requiring a special use permit. The Ordinance identifies the use "[s]oil, sand, clay or gravel extraction or quarries" as a use requiring a special use permit in areas zoned Agricultural (A-1), Agricultural Dispersed Residential (A-2), and Industrial (M-1).

According to the Township's Zoning Ordinance, an application for a special use permit necessitates a site plan review and thereafter a decision by the Planning Commission either granting or denying the special use permit. At a public hearing held February 26, 2020, the Planning Commission chairperson stated that appellants had met the minimum requirements for submission of their application to the Planning Commission. Public comment was permitted at that meeting and at a second meeting held in July 2020. On December 9, 2020, the Planning Commission denied appellants' application. Apparently considering the requirements of MCL 125.3205, the Planning Commission found that there are valuable natural resources, i.e., gravel, on Liberty's property, but also found that appellants had not demonstrated a need for the gravel. The Planning Commission further found that "very serious consequences" would result from appellants' extraction of the gravel through mining.

The Township's Ordinance does not provide for appeal of a Planning Commission decision to a zoning board of appeals. Appellants therefore claimed an appeal to the circuit court asserting that the Planning Commission's denial of their application was "not based on proper procedure [or] law and/or was not supported by competent, material and substantial evidence and/or is arbitrary and capricious and/or does not represent the reasonable exercise of discretion."

Appellants contended that the circuit court should determine the case de novo without deference to the decision of the Planning Commission, but argued alternatively that the circuit court was obligated to review the record according to the standard of Const 1963, art 6, § 28 and MCR 7.122(G)(2) to determine whether appellants met the requirements of MCL 125.3205 in their application before the Planning Commission. By contrast, appellees argued that the circuit court should review the decision of the Planning Commission under MCR 7.122(G)(1) and MCL 125.3606, applicable to appeals from a decision of a zoning board of appeals.

At the conclusion of the hearing on the matter, the circuit court found that appellants were appealing a decision of a planning commission and not a decision of a zoning board of appeals, but nonetheless determined that its review of the Planning Commission's decision was governed by MCL 125.3606 applicable to review of a decision of a zoning board of appeals. The circuit court then held that the Planning Commission

> has performed what they should have done under [MCR] 7.122 to that extent that [MCL 125.]3606 has been complied with, and that therefore Appellant has not demonstrated, has not provided sufficient evidence that would establish that the planning commission abused its discretion in denying the special use permit with regard to this, and that because of that, that decision should be . . . upheld.

The circuit court issued an order denying appellants' appeal, thereby affirming the decision of the Planning Commission. Appellants now appeal to this Court.

## II. DISCUSSION

Appellants contend that the circuit court erred by reviewing the decision of the Planning Commission under the standard applicable to an appeal from a decision of a zoning board of appeals. We agree.

This Court reviews de novo the circuit court's decision of an appeal from the decision of the Planning Commission. *Ansell v Delta Co Planning Comm*, 332 Mich App 451, 456; 957 NW2d 47 (2020). We also review de novo questions of statutory construction and application. *Mays v Governor of Michigan*, 506 Mich 157, 180; 954 NW2d 139 (2020).

In Michigan, in addition to having original jurisdiction as provided by Const 1963, art 6, § 13 and MCL 600.605, circuit courts also have certain appellate jurisdiction; the circuit court has jurisdiction of an appeal of right filed by an aggrieved party from "a final order or decision of an agency from which an appeal of right to the circuit court is provided by law." MCR 7.103(A)(3). Relevant here, the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, provides for judicial review of zoning decisions of a local unit of government. Under § 605 of the MZEA, MCL 125.3605, a party aggrieved by a decision of a zoning board of appeals may appeal to the circuit court. Review by the circuit court of a decision of a zoning board of appeals is governed by MCL 125.3606. Under that statute, the circuit court reviewing the decision of a zoning board of appeals is required to ensure that the decision of the zoning board of appeals meets the follow requirements:

(a) Complies with the constitution and laws of the state.

(b) Is based upon proper procedure.

(c) Is supported by competent, material, and substantial evidence on the record.

(d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals. [MCL 125.3606(1).]

When a township's zoning ordinance does not provide for review of a decision of a township board by the township's zoning board of appeals, the decision of the township board is instead subject to appellate review by the circuit court[2] pursuant to Const 1963, art 6, § 28. *Ansell*, 332 Mich App at 458. Const 1963, art 6, § 28 provides, in relevant part:

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . .

Thus, under Const 1963, art 6, § 28, the circuit court's review of a decision of a township planning commission is required to include, at least, a determination (1) whether the decision, findings, rulings, and orders are authorized by law, and when a hearing is required, (2) whether

---

[2] The MZEA provides for the creation of a zoning commission in each municipality, but also allows for the continuation of the exercise of power by township zoning boards and planning commissions established before the enactment of the MZEA; the MZEA does not require a municipality to establish a zoning board of appeals. *Ansell*, 332 Mich App at 458.

the decision, findings, rulings, and orders are supported by competent, material, and substantial evidence on the whole record.

Also relevant, MCR 7.122 "governs appeals to the circuit court from a determination under a zoning ordinance by any officer, agency, board, commission, or zoning board of appeals, and by any legislative body of a city, village, township, or county authorized to enact zoning ordinances." MCR 7.122(A)(1). Consistent with the standard provided by Const 1963, art 6, § 28, MCR 7.122(G)(2) provides that "[i]n an appeal from a final determination under a zoning ordinance where no right of appeal to a zoning board of appeals exists, the court shall determine whether the decision was authorized by law and the findings were supported by competent, material, and substantial evidence on the whole record."

In this case, the parties agree that the Township's Ordinance does not provide for an appeal to the zoning board of appeals from a decision of the Planning Commission. Appellants thus properly ascertained that the available appeal of the Planning Commission decision was to the circuit court. But although the circuit court acknowledged that the order appealed was that of the Township's Planning Commission and not a decision of a zoning board of appeals, the circuit court nonetheless applied the review standard under MCL 125.3606 applicable to an appeal from a zoning board of appeals. At the hearing, the circuit court opined, in relevant part:

> [MCR] 7.122(a)(1) talks about the scope of appellants[' appeal]. It specifically says that the rule governs the appeals to the circuit court from a determination under a zoning ordinance by any . . . officer, agency, board, commission, or zoning board of appeals, by any legislative body of a city, village, township, or . . . the county authorized to enact zoning ordinances.
>
> * * *
>
> The Court would read that to not only be the zoning board of appeals, which is what is commonly the decisions that are appealed from, but also be in effect with regard to the officer, agency, [and] commission charged with governing zoning ordinances.
>
> Whether a planning commission falls in that category I guess is subject to debate and maybe subject to what's being presented to this Court. Clearly if the planning commission is in the position of acting on a decision relating to special use, which is one of the functions . . . of a zoning operation, then [a] planning commission would be no different than a zoning board of appeals in terms of the decision that is being appealed to this Court.
>
> And under those circumstances I believe the Appellee is correct that the Court is limited in terms of its review and at least with regard to what has been presented to the Court at this point, that – the position taken by the Appellee is not countermanded by the argument raised by the – the Appellant.
>
> * * *

[T]he Court will take the position with regard to the appeal that the appeal of the decision of the planning commission is to be governed by [MCR] 7.122 and by MCL 125.3606.

After further argument by the parties' attorneys, the circuit court stated, in pertinent part:

I'm satisfied that in fact under the appeal as it has been presented that the planning commission has performed what they should have done under [MCR] 7.122 to that extent that [MCL 125.]3606 has been complied with, and that therefore Appellant has not demonstrated, has not provided sufficient evidence that would establish that the planning commission abused its discretion in denying the special use permit with regard to this, and that because of that, that decision should be – should be upheld.

The circuit court stated that it was applying the review standard of MCL 125.3606 to the Planning Commission's decision. As discussed, the applicable standard when, as here, the decision appealed is a decision of a planning commission and no right of appeal to a zoning board of appeals exists, the appeal is reviewed under the standard articulated in Const 1963, art 6, § 28 and MCR 7.122(G)(2). *Ansell*, 332 Mich App at 458. The circuit court therefore erred by applying the standard[3] set forth in MCL 125.3606, applicable to appeals from a zoning board of appeals.

Appellees assert that the circuit court applied the correct standard because in their claim of appeal to the circuit court appellants stated the review standard as that of MCL 125.3606. In their claim of appeal, appellants asserted that the decision of the Planning Commission was "not based on proper procedure [or] law and/or was not supported by competent, material and substantial evidence and/or is arbitrary and capricious and/or does not represent the reasonable exercise of discretion," which is similar to the review standard set forth in MCL 125.3606(1). However, appellants later articulated the correct standard, review under Const 1963, art 6, § 28 and MCR 7.122(G)(2), to the circuit court. Moreover, the fact that appellants initially stated the wrong standard in their claim of appeal is not determinative; parties may not agree to the application of an incorrect legal interpretation. See *In re Finley Estate*, 430 Mich 590, 595; 424 NW2d 272 (1988) (The court determines the applicable law and is not bound by the parties' stipulations of law).

Appellees also argue that under *Krohn v Saginaw*, 175 Mich App 193; 437 NW2d 260 (1988),[4] a decision of a planning commission that has the same authority as a zoning board of appeals in a particular municipality necessitates review under the same standard applied to a

---

[3] Although the circuit court stated that MCL 125.3606 applied in this case, the circuit court did not discuss the factors of MCL 125.3606 on the record, merely concluding on the record that appellants had not provided sufficient evidence to establish that the Planning Commission abused its discretion by denying the special use permit.

[4] Because *Krohn* was decided before November 1, 1990, this Court is not required to treat it as binding precedent, MCR 7.215(J)(1), although such decisions "are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

decision of a zoning board of appeals. In *Krohn*, the plaintiffs filed a complaint for injunctive relief in the circuit court, challenging a decision of the defendant's planning commission granting a special land use permit and zoning variance on a neighboring property. The circuit court dismissed the complaint for lack of subject-matter jurisdiction because the plaintiff failed to timely claim an appeal from the decision of the defendant's planning commission. This Court affirmed the decision of the circuit court, holding that the circuit court lacked subject-matter jurisdiction because the plaintiff failed to timely claim an appeal to the circuit court. *Id.* at 196-197. This Court also observed that because a planning commission decision could be appealed to the circuit court in the same manner as a decision of a zoning board of appeals, the statute applicable to an appeal from a zoning board of appeals also was applicable to an appeal from a decision of a planning commission. This Court stated:

> The statutes governing zoning decisions anticipate that final decisions are made by the zoning board of appeals, which decisions may then be appealed to circuit court. MCL 125.585(11); MSA 5.2935(11). In the case at bar, the final decision was made by defendant planning commission. However, at oral argument on plaintiffs' motion for an order to show cause, plaintiffs argued that the Saginaw Zoning Code gives to the planning commission the authority of the board of appeals to hear such matters where special requests or special uses are to be considered. . . . It therefore follows that, if the planning commission possesses the authority of the zoning board of appeals in the present circumstances, then the provisions of MCL 125.585; MSA 5.2935 apply to the planning commission in the case at bar. Specifically, the provisions of MCL 125.585(11); MSA 5.2935(11), providing for appeals from the zoning board of appeals to circuit court, would govern an appeal of a decision of the planning commission to circuit court. Specifically, that statute allows for an appeal to circuit court from a decision of the zoning board of appeals, or, in this case, the planning commission. [*Krohn*, 175 Mich App at 195-196.]

Appellees argue that this discussion in *Krohn* means that an appeal from a decision of a planning commission to circuit court where no appeal to a zoning board of appeals exists must be reviewed by the circuit court under MCL 125.3606, the statute applicable to appeals from a decision of a zoning board of appeals. We disagree.

*Krohn* was decided in 1988 and refers to MCL 125.585(11), a section of the city and village zoning act, MCL 125.581 to 125.600, that was repealed by 2006 PA 110, effective July 1, 2006. See MCL 125.3702. In its place, the legislature enacted the MZEA. *Ansell*, 332 Mich App at 459. MCR 7.122 was adopted effective May 1, 2012, 490 Mich cciv. Since that time, this Court has held that an appeal of a decision of a zoning board of appeals is reviewed under the standard provided in MCL 125.3606, while an appeal from a decision under a zoning ordinance where no right of appeal to a zoning board of appeals exists is reviewed under the standard provided by MCR 7.122(G)(2) and Const 1963, art 6, § 28. See *Ansell*, 332 Mich App at 457. Appellees' reliance on the 1988 *Krohn* opinion that interpreted a now repealed precursor statute of the MZEA is inapposite. In any event, the discussion of the proper standard of review in *Krohn* appears to be dicta and therefore lacking in precedential value. Having resolved the case on jurisdictional grounds, the discussion of the proper review standard was not necessary to this Court's decision in *Krohn*, which we decline to follow for the reasons previously stated.

Appellees alternatively argue that the circuit court's application of the review standard of MCL 125.3606 was harmless error. Again, we disagree. Although the review standard under MCL 125.3606 is similar to the review standard under Const 1963, art 6, § 28, the two standards are not identical. Under Const 1963, art 6, § 28, the circuit court's review of a decision of a township planning commission is required to include, at a minimum, a determination (1) whether the decision, findings, rulings, and orders are authorized by law, and when a hearing is required, (2) whether the decision, findings, rulings, and orders are supported by competent, material, and substantial evidence on the whole record. Similarly, MCR 7.122(G)(2) provides that "[i]n an appeal from a final determination under a zoning ordinance where no right of appeal to a zoning board of appeals exists, the court shall determine whether the decision was authorized by law and the findings were supported by competent, material, and substantial evidence on the whole record." See also *Ansell*, 332 Mich App at 457.

The standard for reviewing a decision of a zoning board of appeals under MCL 125.3606 requires the circuit court to determine whether the decision complies with the constitution and laws of this state, is based upon proper procedure, is supported by competent, material, and substantial evidence on the record, and represents a reasonable exercise of the zoning board of appeals' discretion. The legislature thus chose to impose a review standard for decisions of a zoning board of appeals that differs from that of Const 1963, art 6, § 28. In addition, although the constitutional standard does not prohibit consideration of other factors, here the circuit court stated that it was applying the standard of MCL 125.3606, then concluded that the Planning Commission should be affirmed because appellants failed to demonstrate that the Planning Commission abused its discretion, thereby basing its decision on a factor not part of the review standard applicable to a review of a decision of a planning commission.[5] Moreover, the circuit court did not discuss on the record the factors necessary for review under Const 1963, art 6, § 28 and MCR 7.122(G)(2) (whether the decision was authorized by law and whether the findings were supported by competent, material, and substantial evidence on the whole record), although those factors are contained within the standard of MCL 125.3606. The circuit court thus failed to discuss the requisite factors to review a zoning decision of a planning commission. Indeed the trial court's ruling was devoid of any actual analysis under either set of review standards, but instead was conclusory in nature. The error therefore was not harmless.

Appellants additionally contend that the circuit court should have reviewed the decision of the Planning Commission de novo, essentially treating the review as an original action under the "gravel statute," MCL 125.3205. That statute provides, in relevant part:

> (3) An ordinance shall not prevent the extraction, by mining, of valuable natural resources from any property unless very serious consequences would result from

---

[5] Compounding the error, the trial court based its ruling on a conclusion that the Planning Commission had not abused its discretion. As previously outlined, this standard does not apply to the circuit court's review of a Planning Commission decision in the zoning context. It applies, if at all, only to a review of a decision of a ZBA ("reasonable exercise of discretion granted by law," which might arguably be akin to an abuse of discretion standard). The reliance of the trial court on an inapplicable standard as the primary basis for its ruling was not harmless error.

the extraction of those natural resources. Natural resources shall be considered valuable for the purposes of this section if a person, by extracting the natural resources, can receive revenue and reasonably expect to operate at a profit.

(4) A person challenging a zoning decision under subsection (3) has the initial burden of showing that there are valuable natural resources located on the relevant property, that there is a need for the natural resources by the person or in the market served by the person, and that no very serious consequences would result from the extraction, by mining, of the natural resources.

(5) In determining under this section whether very serious consequences would result from the extraction, by mining, of natural resources, the standards set forth in *Silva v Ada Tw*p, 416 Mich 153 (1982), shall be applied and all of the following factors may be considered, if applicable:

> (a) The relationship of extraction and associated activities with existing land uses.

> (b)   The impact on existing land uses in the vicinity of the property.

> (c) The impact on property values in the vicinity of the property and along the proposed hauling route serving the property, based on credible evidence.

> (d) The impact on pedestrian and traffic safety in the vicinity of the property and along the proposed hauling route serving the property.

> (e) The impact on other identifiable health, safety, and welfare interests in the local unit of government.

> (f) The overall public interest in the extraction of the specific natural resources on the property.

(6) Subsections (3) to (5) do not limit a local unit of government's reasonable regulation of hours of operation, blasting hours, noise levels, dust control measures, and traffic, not preempted by part 632 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.63201 to 324.63223. However, such regulation shall be reasonable in accommodating customary mining operations.

(7) This act does not limit state regulatory authority under other statutes or rules. [MCL 125.3205.]

Appellants argue that the language of MCL 125.3205(4) placing an "initial burden" of proof upon a person challenging a zoning decision under MCL 125.3205(3) implies that the person must have an opportunity to meet that initial burden, suggesting a de novo review. We disagree. MCL 125.3205(3) prohibits a zoning ordinance from preventing "the extraction, by mining, of valuable natural resources from any property unless very serious consequences would result from the extraction of those natural resources." To succeed in a challenge that a municipality's decision under its ordinance is contrary to MCL 125.3205(3), a plaintiff must demonstrate initially that (1)

there are valuable natural resources on the property, (2) there is a need for the natural resources by the person or in the market served by the person, and that (3) no very serious consequences would result from the extraction by mining, of the natural resources. MCL 125.3205(4). A circuit court reviewing a challenged zoning decision of a planning commission regarding gravel mining is then required to apply the review standard of Const 1963, art 6, § 28 and MCR 7.122(G)(2), to determine whether the planning commission properly denied a request for a special use permit in accordance with MCL 125.3205.

In this case, the Planning Commission denied appellants' request for a special use permit because, although it found that there are valuable natural resources on Liberty's property, it also found that appellants had not demonstrated a need for the gravel and that "very serious consequences" would result from appellants' extraction of the gravel through mining. Appellants appealed the decision of the Planning Commission to the circuit court, challenging the decision as contrary to MCL 125.3205. Appellants therefore were required to demonstrate to the Planning Commission that (1) there are valuable natural resources on the property, (2) there is a need for the natural resources by the person or in the market served by the person, and that (3) no very serious consequences would result from the extraction by mining, of the natural resources. MCL 125.3205(4). The circuit court then was required to determine whether the Planning Commission's decision was authorized by law and whether the findings of the Planning Commission were supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; MCR 7122(G)(2).

Appellants also urge this Court to find that, applying the correct standard of review, the circuit court should have reversed the Planning Commission's denial of the special use permit. However, because the circuit court clearly erred by applying the incorrect standard, and the error was not harmless, remand is required to permit the circuit court to consider appellants' appeal to that court under the proper legal framework. See *Sulaica v Rometty*, 308 Mich App 568, 585; 866 NW2d 838 (2014) (A trial court's clear legal error generally requires remand for further consideration under the proper legal framework unless the error was harmless).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola