SUN COMMUNITIES v LEROY TOWNSHIP

Docket No. 216592. Submitted February 1, 2000, at Grand Rapids. Decided July 11, 2000, at 9:15 A.M.

Sun Communities brought an action in the Ingham Circuit Court against Leroy Township, seeking declaratory and injunctive relief against the continued AG-Agricultural Enterprise District zoning of realty in which the plaintiff has an ownership interest. The plaintiff alleged that such zoning violates various constitutional, statutory, and common-law rights. The court, Carolyn Stell, J., granted summary disposition for the township, ruling that, pursuant to *Krohn v Saginaw*, 175 Mich App 193 (1988), the court lacks subject-matter jurisdiction because the plaintiff did not appeal in the circuit court the township board's denial of the plaintiff's request for rezoning to MP-Mobile Home Park District within twenty-one days of the denial. The plaintiff appealed.

The Court of Appeals *held*:

The provisions of § 23a of the Township Zoning Act, MCL 125.293a; MSA 5.2963(23a), relating to appeal in the circuit court of a decision by a township board of zoning appeals do not apply to a zoning or rezoning decision of a township board. A decision by a board of zoning appeals involves administrative activity, while a zoning or rezoning decision by a township board involves legislative activity. Accordingly, the plaintiff was not required to pursue an appeal of the denial of rezoning in order to challenge the zoning ordinance under which its realty is zoned.

Reversed.

ZONING — TOWNSHIPS — REZONING — ACTIONS.

A property owner whose request for rezoning is denied by a township board may in a circuit court action for declaratory and injunctive relief against the township challenge the township zoning ordinance as being violative of the constitution, statutes, or common law without first pursuing an appeal of the decision denying rezoning (MCL 125.293a; MSA 5.2963[23a]).

*H. James Telman* and *Winter, PLC* (by *Stephen D. Winter* and *Ann Marie Uetz*), for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey, Brian G. Goodenough,* and *Stephen J. Rhodes*), for the defendant.

Amicus Curiae:

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland, Melissa A. Hagen,* and *Marc D. Matlock*), for Michigan Association of Home Builders.

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

PER CURIAM. Plaintiff Sun Communities appeals as of right the order granting summary disposition in favor of defendant Leroy Township pursuant to MCR 2.116(C)(4) and (10). We reverse.

I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff has an ownership interest in approximately 25.02 acres of land located in Leroy Township. The property is currently zoned AG-Agricultural Enterprise District and is directly adjacent to a manufactured-housing community of 146 sites, known as the "Hamilton Manufactured Home Community," in which plaintiff also has an interest.

On November 4, 1997, plaintiff filed an application with the township to have the property rezoned from AG-Agricultural Enterprise District to MP-Mobile Home Park District (the "rezoning"). Plaintiff sought the rezoning to expand the existing Hamilton Manufactured Home Community by adding an additional 104 sites.

On January 8, 1998, following a public hearing, the township planning commission voted unanimously to recommend to the township board that the rezoning

be denied. On February 3, 1998, the township board denied the rezoning by a vote of four to zero.

On April 29, 1998, plaintiff filed an eight-count complaint against the township in the circuit court, asking for injunctive and declaratory relief. The complaint alleged a taking of private property without just compensation (count I), a violation of civil rights pursuant to 42 USC 1983 (count II), a violation of federal and state constitutional rights (count III), a violation of equal protection (count IV), a violation of substantive due process (count V), exclusionary zoning in violation of statutory and common law (counts VI and VII), and violation of the federal fair housing act (count VIII).[1] Plaintiff requested a declaratory judgment that the zoning and the township's actions were both unreasonable and confiscatory as applied to the property. Plaintiff further sought injunctive relief allowing it to develop the property as a manufactured-home community as proposed.

On August 13, 1998, defendant filed a motion for summary disposition of counts I through VII pursuant to MCR 2.116(C)(4), arguing that under this Court's decision in *Krohn v Saginaw*, 175 Mich App 193; 437 NW2d 260 (1988), plaintiff had twenty-one days in which to appeal the denial of the rezoning to the circuit court. Thus, because plaintiff failed to pursue an appeal within twenty-one days, the circuit court lacked subject-matter jurisdiction over these counts. In response, plaintiff argued that the decision in *Krohn* does not apply to plaintiff's complaint because the complaint did not involve an "administrative

---

[1] The dismissal of count VIII is not being challenged in the context of this appeal.

appeal" from a township zoning board of appeals. Instead, the complaint involved a constitutional challenge to the application of the AG zoning to plaintiff's property. The circuit court disagreed with plaintiff's attempt to distinguish *Krohn* and dismissed counts I through VII of the complaint pursuant to MCR 2.116(C)(4) for lack of subject-matter jurisdiction.

II. ANALYSIS

A. STANDARD OF REVIEW

Plaintiff argues on appeal that the complaint filed in the circuit court challenging the zoning of property invoked the original, rather than appellate, jurisdiction of the court and, therefore, the trial court improperly granted summary disposition for lack of subject-matter jurisdiction. This Court reviews de novo a circuit court's grant or denial of summary disposition. *Walker v Johnson & Johnson Vision Products, Inc,* 217 Mich App 705, 708; 552 NW2d 679 (1996). When reviewing a motion for summary disposition under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. *Id.* Whether plaintiff was required to file an appeal from the denial of a rezoning within twenty-one days involves a question of law. Such questions of law are also reviewed de novo on appeal. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

B. ZONING: LEGISLATIVE ACT

Municipalities derive their authority to zone solely pursuant to state enabling legislation. *Lake Twp v System*, 21 Mich App 210, 212; 175 NW2d 337 (1970). The Township Zoning Act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.* (the TZA), is the enabling statute that vests a township with the authority to regulate land use. *Addison Twp v Gout (On Rehearing)*, 435 Mich 809, 813; 460 NW2d 215 (1990). Various actions under the TZA, such as site-plan review and the approval of special use permit requests, are essentially administrative in nature. See, e.g., *Hess Realty, Inc v Ann Arbor*, 61 Mich App 319; 232 NW2d 695 (1975).

In contrast with the administrative procedures, it is settled law in Michigan that the zoning and rezoning of property are legislative functions. *Schwartz v City of Flint*, 426 Mich 295, 307-308; 395 NW2d 678 (1986). As explained in Crawford, Michigan Zoning and Planning (3d ed), § 1.11, p 53:

> The adoption of a zoning ordinance is a legislative act.... Logic suggests that since the zoning map is almost inevitably a part of the zoning ordinance, the rezoning of a single parcel of land from one district to another is an amendment of the zoning ordinance and is likewise a legislative act. Because rezoning is a legislative act, its validity and the validity of a refusal to rezone are governed by the tests which we ordinarily apply to legislation. Among other things, the legislature had provided for the amendment of zoning ordinances in essentially the same manner as their original enactment. . . . It has been held that the amendment of a zoning ordinance cannot be enjoined, as that would be a judicial invasion of the legislative function. The remedy of the party who conceives himself injured by an

amendment is to wait until it has been adopted and then challenge it in court.[2]

Accordingly, the rezoning at issue in this case is a legislative act, not an administrative act.

### C. APPEALS TO CIRCUIT COURT

The only provision in the TZA providing for a direct appeal to the circuit court is MCL 125.293a; MSA 5.2963(23a), which authorizes a direct appeal from decisions made by a zoning board of appeals (ZBA). The ZBA is a municipal administrative body, *Schlega v Detroit Bd of Zoning Appeals*, 147 Mich App 79, 81; 382 NW2d 737 (1985), charged with interpreting the ordinance, hearing appeals, granting variances, and performing various other functions that may arise in the administration of the zoning ordinance. See MCL 125.288-125.293; MSA 5.2963(18)-5.2963(23); *Szluha v Avon Charter Twp*, 128 Mich App 402; 340 NW2d 105 (1983). By statute, a ZBA's decisions (administrative acts) are final, subject to circuit court review under the standard set forth in MCL 125.293a; MSA 5.2963(23a). Nowhere in this provision, or in any other provision of the TZA, is it mandated that a decision of a township board denying a rezoning (a legislative act) be appealed to the circuit court.

---

[2] Both this Court and the Supreme Court have cited this treatise in dealing with zoning issues. See, e.g., *Macenas v Village of Michiana*, 433 Mich 380, 389; 446 NW2d 102 (1989); *Davenport v City of Grosse Point Farms Zoning Bd of Appeals*, 210 Mich App 400, 403, n 1; 534 NW2d 143 (1994).

## D. THE CIRCUIT COURT'S DECISION

The circuit court relied exclusively on *Krohn, supra,* in dismissing plaintiff's complaint. In *Krohn,* the plaintiffs were the owners of a parcel of property who challenged the administrative decision of the Saginaw Planning Commission to grant a special use permit and a variance that would allow the construction of an auto-parts store and gasoline station on a neighboring parcel. The plaintiffs in *Krohn* conceded that, in granting the special use permit and variance request, the planning commission was exercising the authority of the zoning board of appeals. *Krohn, supra,* at 195-196. On the basis of this concession, a panel of this Court held that the statutory provisions governing ZBA appeals would apply and that the plaintiffs' complaint was barred because the plaintiffs failed to file their appeal within twenty-one days of the denial.[3]

---

[3] In pertinent part, the panel explained:

> The statutes governing zoning board decisions anticipate that final decisions are made by the zoning board of appeals, which decisions may then be appealed to circuit court. MCL 125.585(11); MSA 5.2935(11). In the case at bar, the final decision was made by defendant planning commission. However, at oral argument on plaintiffs' motion for an order to show cause, plaintiffs argued that the Saginaw Zoning Code gives to the planning commission the authority of the board of appeals to hear such matters where special requests or special uses are to be considered. Plaintiffs' argument is consistent with the manner in which Action Auto's request was handled and, therefore, we accept plaintiffs' admission in this regard as true for purposes of this appeal. It therefore follows that, if the planning commission possesses the authority of the zoning board of appeals in the present circumstances, then the provisions of MCL 125.585; MSA 5.2935 apply to the planning commission in the case at bar. Specifically, the provisions of MCL 125.585(11); MSA 5.2935(11), providing for appeals from the zoning board of appeals to circuit court, would govern an appeal of a decision of the planning commission to circuit court. Specifically, that statute

*Krohn* is factually distinguishable from the present case. Here, plaintiff's lawsuit does not involve a challenge to the administrative activities of a municipal body acting in the capacity of a zoning board of appeals. Instead, it involves numerous constitutional challenges to the legislative actions of the township board in applying the AG zoning to plaintiff's property. There is no authority that requires a party to pursue an appeal to challenge the constitutionality of a legislative act of rezoning. Indeed, "neither a city council's decision to rezone land nor a zoning board of appeal's decision to grant a variance is relevant to the constitutionality or unconstitutionality of an ordinance's provisions." *Paragon Properties Co v Novi,* 452 Mich 568, 580, n 15; 550 NW2d 772 (1996).

Accordingly, we conclude that plaintiff was not required to pursue an appeal of the township's decision to deny plaintiff's request for rezoning in order to challenge the constitutionality of the zoning ordinance. The trial court erred in concluding that the circuit court lacked subject-matter jurisdiction over plaintiff's cause of action.

Reversed.

---

allows for an appeal to circuit court from a decision of the zoning board of appeals, or, in this case, the planning commission. [*Krohn, supra* at 195-196.]