# STATE OF MICHIGAN

# COURT OF APPEALS

CHESTNUT DEVELOPMENT, LLC,

   Plaintiff-Appellee,

v

TOWNSHIP OF GENOA and GENOA
TOWNSHIP ZONING ADMINISTRATOR,

   Defendants-Appellants.

UNPUBLISHED
December 18, 2014

No. 317199
Livingston Circuit Court
LC No. 12-027123-CZ

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

   Defendants appeal as of right an order granting plaintiff a writ of mandamus compelling defendants to issue a land use permit. We affirm in part, vacate in part, and remand this matter for proceedings consistent with this opinion.

   Plaintiff owns two contiguous parcels of real property in Genoa Township. In 2004, plaintiff's predecessor in interest, Crescendo Homes, sought to develop the subject property as a planned unit development (PUD) under Article 10 of the Township's zoning ordinance.[1] The property was zoned agricultural (AG); thus, rezoning was requested. In that regard, Crescendo Homes submitted its conceptual PUD site plan, a PUD agreement, and its impact statement as required under Section 10.05. The Township board approved the conceptual PUD site plan and, pursuant to Section 10.03, the property was rezoned.[2] Thereafter, Crescendo Homes abandoned the project and the property. Plaintiff acquired the property from the Department of Treasury through tax foreclosure proceedings.

---

[1] Our references to an "Article" or a "Section" refer to the Genoa Township Zoning Ordinance.

[2] While there was some confusion regarding whether the property was rezoned to a residential PUD or a mixed use PUD, we refer to the rezoning classification as "PUD" for purposes of this opinion.

-1-

Eventually plaintiff applied for a land use permit to construct a single-family home and to enlarge an existing pond on its property.[3] Defendants denied the application on the ground that the property was zoned PUD and plaintiff had to comply with Article 10 or, alternatively, seek rezoning. Plaintiff then filed this action seeking, in relevant part, a writ of mandamus compelling defendants to issue the land use permit.[4] Plaintiff argued that it was seeking to construct a single family home, not a PUD. And because it was in compliance with the residential zoning requirements, plaintiff was entitled to a land use permit under Section 13.01 to "change the topography of the site" prior to its development.[5] Defendants responded, arguing that this matter was not ripe for adjudication and, in any case, plaintiff could not merely apply for a land use permit but had to comply with the requirements of Article 10 as a consequence of the property's PUD zoning or seek rezoning. Further, defendants argued, plaintiff actually sought to mine sand from its property to sell which is only permitted in industrial districts with special land use approval.

Following a hearing, the trial court ordered additional discovery and briefing. In its supplemental brief, plaintiff argued that discovery revealed its property was never validly rezoned to PUD. That is, plaintiff argued, the property was zoned AG because plaintiff's predecessor in ownership did not complete the rezoning process by complying with the requirements of Article 10. A single-family residence and a pond is allowed on property zoned AG. Further, defendants' characterization of its sand excavation as a "mining operation" was erroneous. Accordingly, plaintiff requested the trial court to compel defendants to issue the requested land use permit.

Defendants argued in their supplemental brief that plaintiff's property was zoned PUD so a single-family residence was not allowed and plaintiff's extraction of sand was a mining operation. Further, defendants argued that plaintiff's claim was not ripe for adjudication because plaintiff failed to appeal the denial of its application to the Township's Zoning Board of Appeals (ZBA), which could have determined the type of PUD at issue and the characterization of the sand extraction at issue. Accordingly, defendants argued, plaintiff was not entitled to a writ of mandamus compelling the issuance of a land use permit.

At the conclusion of the continued hearing, the trial court entered an order finding that the matter was not ripe for adjudication because plaintiff had submitted revised site plan drawings in support of its request for a land use permit and defendants had neither reviewed them nor made a decision. Defendants later denied plaintiff's application. Thereafter the court held an evidentiary hearing over defendants' objections premised on the arguments that the case was not ripe for review and discretionary issues precluded a writ of mandamus. At the

---

[3] We note that plaintiff's application for a land use permit, dated October 10, 2012, indicated that the type of improvement sought was a "new single family" structure. The box associated with "Grading/Site Work" was not checked and a "pond expansion" was not noted on the application.

[4] Plaintiff's complaint indicated that the subject property was zoned residential PUD as set forth on the Township's zoning map.

[5] See footnote 3.

conclusion of the hearing, the court held: (1) the rezoning of the property from AG to PUD was not completed because the requirements set forth in Article 10 were not complied with by plaintiff's predecessor in interest so the property remained zoned AG; (2) AG zoning allows for a residence and a pond expansion; (3) plaintiff's proposed land use did not constitute a sand mining operation; and (4) an appeal to the ZBA would have been futile because the ZBA did not have the authority to alter zoning districts. Accordingly, the trial court granted plaintiff's request for a writ of mandamus and ordered defendants to issue plaintiff a land use permit.

Defendants filed a motion for reconsideration, arguing that the case was not ripe for adjudication because plaintiff did not challenge the denial before the ZBA, where it could have obtained the requested relief or, at least, a final decision before it pursued this matter in court. Further, defendants argued that the court's rulings circumvented the Township's zoning ordinance and included palpable errors. In particular, the court's conclusions that the property reverted to AG zoning from PUD and that plaintiff's proposed use was not sand mining constituted palpable errors. Moreover, mandamus was precluded as a matter of law because the issuance of a land use permit is discretionary.

Subsequently, the court denied defendants' motion for reconsideration. First, the court held that plaintiff's claim was ripe for adjudication. An appeal to the ZBA would have futile because the issuance of the land use permit hinged on the property's zoning classification and, under Section 23.02.06(a), the ZBA had no "power to alter or change the zoning district classification of any property." Second, the court held that rezoning to PUD never occurred or expired because Section 1.03.04 states "[p]rior to establishing a PUD, all requirements of Article 10 must be complied with" and they were not. Further, to the extent the property was rezoned, the rezoning expired when plaintiff's predecessor in interest failed to seek approval of its final PUD site plan within two years as set forth in Section 10.04.02. That is, "the property's zoning had to have reverted back to Agricultural (AG), its original zoning." Third, the court held that the issuance of the land use permit was ministerial because plaintiff's proposed use did not violate any zoning ordinance and, thus, plaintiff was legally entitled to the permit. And, finally, the court held that plaintiff was not engaged in a commercial sand mining operation; rather, the removal of sand was temporary in nature and for the purpose of expanding a pond. This appeal followed.

Defendants argue that plaintiff's request for a writ of mandamus was not ripe for adjudication because plaintiff did not seek and receive a final decision on its application for a land use permit. We agree, in part. Questions pertaining to justiciability and ripeness are reviewed de novo as constitutional issues. *City of Huntington Woods v City of Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008). We review for an abuse of discretion the trial court's decision whether to issue a writ of mandamus. *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006).

Generally, a claim challenging the application of an ordinance to property is not ripe until a final determination has been made by the governmental entity regarding the requested use. See *Lake Angelo Assoc v White Lake Twp*, 198 Mich App 65, 70; 498 NW2d 1 (1993) (citation omitted). The doctrine of ripeness focuses on the timing of an action, assesses "for the presence of an actual or imminent injury in fact," and "prevents the adjudication of hypothetical or contingent claims." *Mich Chiropractic Council v Comm'r of the Office of Fin & Ins Servs*, 475

Mich 363, 371 n 14, 378-379; 716 NW2d 561 (2006), overruled in part on other grounds *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 371 (2010). That is: "A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Mich Chiropractic Council*, 475 Mich at 371 n 14 (quotation marks and citation omitted).

The central issue underlying this dispute is whether plaintiff's property is zoned PUD or AG. Plaintiff's predecessor in interest, Crescendo Homes, sought an amendment to the zoning district boundaries, i.e., rezoning, with regard to the subject property. See Article 22[6]; Section 22.01.[7] The property was zoned AG and Crescendo Homes sought to have the property rezoned to PUD. See Section 10.04.01. The conceptual PUD site plan and PUD agreement, i.e., the conditional zoning agreement, submitted by Crescendo Homes were approved, which resulted in the subject property being conditionally rezoned to PUD. See, e.g., Sections 10.05.04 and 22.03.06. Approval of the conceptual PUD site plan conferred upon Crescendo Homes—the applicant for rezoning—the "right to proceed through the subsequent planning phase for a period not to exceed two (2) years from date of approval." Section 10.04.02. However, the zoning agreement and associated conditional rezoning would expire two years after adoption "unless substantial construction on the approved development of the property" commenced within that two year time period. Section 22.03.06(c). Once the zoning agreement expires, it becomes void. Section 22.03.06(d). If the zoning agreement becomes void, "the conditional rezoning shall be automatically revoked and the land shall revert back to its original zoning classification." Section 22.03.06(g). MCL 125.3405(2) also provides that when conditions for rezoning are not satisfied "the land shall revert to its former zoning classification."

Here, the zoning agreement entered into between the Township and Crescendo Homes became void because Crescendo Homes abandoned the development project and the property. Therefore, the conditional rezoning of the property from AG to PUD was automatically revoked and, at some time before plaintiff purchased the property, the property reverted back to its original zoning classification, AG, by operation of the Township's Ordinance and MCL 125.3405(2), as discussed above. Nevertheless, defendants denied plaintiff's application for a land use permit on the ground that the subject property remained zoned PUD and plaintiff had to comply with the requirements set forth in Article 10, including through the "resubmittal of a new PUD concept plan." See Section 10.04.02. But review of Article 10 makes clear by its numerous references to "the applicant" that it was inapplicable to plaintiff. Plaintiff was not "the applicant." Crescendo Homes sought rezoning of the property from AG to PUD. Thus, plaintiff

---

[6] It is unclear whether the lower court was provided a copy of the entire ordinance but, if not, we are entitled to consider the entire ordinance. See MCR 7.216(A)(4).

[7] The rules of statutory interpretation apply to ordinances. *Goldstone v Bloomfield Twp Pub Library*, 479 Mich 554, 568 n 15; 737 NW2d 476 (2007). Accordingly, sections of the zoning ordinance that relate to the same subject or share a common purpose are in pari materia and must be read together as one law. *Bloomfield Twp v Kane*, 302 Mich App 170, 176; 839 NW2d 505 (2013) (citation omitted). Here, Article 10, entitled Planned Unit Development, and Article 22, entitled Ordinance Amendments, both relate to rezoning; thus, they are in pari materia and must be read together as one law.

-4-

never submitted an initial PUD concept plan so "resubmittal of a new PUD concept plan" was not possible. In any case, we agree with the trial court's conclusion that plaintiff's property reverted back to an AG zoning classification.

To the extent that plaintiff sought a determination that its property was zoned AG and not PUD, we reject defendants' argument that the claim was not ripe because plaintiff failed to appeal the denial of its application for a land use permit to the ZBA.[8] "[T]he zoning and rezoning of property are legislative functions." *Sun Communities v Leroy Twp*, 241 Mich App 665, 669; 617 NW2d 42 (2000). The ZBA is an administrative body that performs administrative acts, including interpreting the ordinance, hearing appeals, and granting variances. *Id*. at 670. Pursuant to Section 23.02.06(a), the ZBA was not empowered to "alter or change the zoning district classification of any property." Accordingly, to the extent plaintiff challenged the zoning classification of its property, such claim was not hypothetical or contingent. All of the information necessary to resolve the issue of zoning classification was available and its resolution was not dependent on any determination by the ZBA. Therefore, we reject defendants claim that the matter of zoning classification was not ripe for adjudication by the trial court.

However, the issue whether plaintiff was entitled to a land use permit to construct a single-family home and to enlarge an existing pond on its property that is zoned AG was not ripe for adjudication by the trial court. Defendants never considered plaintiff's application for a land use permit under the proper AG zoning classification of the subject property. Accordingly, defendants have not determined whether plaintiff's proposed activity or use conformed to the requirements set forth in the applicable zoning ordinances. See Section 21.02.01. Defendants may conclude that plaintiff is entitled to a land use permit considering the property's AG zoning classification. And, pursuant to Section 23.02.03, defendants may request the ZBA to "interpret and clarify the meaning of the Ordinance text" as relates to plaintiff's application. Ultimately, plaintiff's application for a land use permit may be granted. But if defendants deny the application, plaintiff could appeal that decision to the ZBA and could seek a variance from the strict application of the ordinance if necessary. See Section 23.02. It is well-established that "persons seeking authority from a governmental unit must exhaust their remedies within such governmental unit before seeking relief in court." *Lake Angelo Assocs*, 198 Mich App at 74, quoting *Trojan v Taylor Twp*, 352 Mich 636, 638; 91 NW2d 9 (1958). Therefore, plaintiff's claim that it was entitled to a land use permit was not ripe because the municipality did not render a final determination regarding the requested use considering the property's AG zoning classification and, thus, the claim "rests upon contingent future events that may not occur as anticipated, or may not occur at all." *Mich Chiropractic Council*, 475 Mich at 371 n 14.

---

[8] In its first complaint, plaintiff characterized the zoning of its property as residential PUD in reliance on the Township's zoning map; however, during discovery it was determined that the rezoning classification was mixed use PUD. By amended complaint, plaintiff characterized its property as AG and thereafter argued that rezoning was not completed which resulted in the property reverting from PUD to AG zoning classifications. This new claim was not raised in plaintiff's initial complaint seeking a writ of mandamus and presents an issue more properly raised in a declaratory judgment proceeding.

In summary, the trial court properly concluded that the zoning classification of plaintiff's property is AG; however, plaintiff's claim that it was entitled to the issuance of a land use permit because of that AG classification was not ripe and should have been dismissed. Therefore, the trial court abused its discretion when it granted plaintiff a writ of mandamus compelling defendants to issue a land use permit and that order is vacated. See *Carter*, 271 Mich App at 438.

Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter