*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAFET STAFA,

Plaintiff-Appellant,

v

CITY OF TROY,

Defendant-Appellee,

and

GERALD RAUCH, MIKE LIPINSKI, LAURA LIPINSKI, JIN MING XU, and HEADY XU,

Intervening Defendants.

UNPUBLISHED
April 13, 2023

No. 359496
Oakland Circuit Court
LC No. 2021-189046-AW

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Plaintiff, Safet Stafa, appeals as of right the circuit court's opinion and order granting summary disposition in favor of defendant, the City of Troy ("the city"), under MCR 2.116(C)(4) (lack of jurisdiction).[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2019, Stafa entered into a purchase agreement to buy a parcel of land near Crooks Road in Troy, Michigan, on which he planned to construct townhomes. The purchase agreement was conditioned on Stafa securing approval from the city to construct the townhomes. Adjacent to the parcel were a number of single-family residences. Stafa submitted his site plan to the city's planning commission for approval. The site was in an area of the city zoned as a Neighborhood

---

[1] The city also moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim), but the circuit court rejected that as a basis for dismissal.

Node ("NN") District. According to Stafa, his site plans conformed with the NN District requirements. The planning commission hired a consulting firm to review the plans. The consulting firm identified several issues with Stafa's site plan. While the site plans were under review, the city received many complaints from the neighboring homeowners opposing the construction of the townhomes.

In deciding Stafa's site plan, the planning commission offered Stafa more time to address the issues identified by the consulting firm and the citizen complaints. Stafa made some changes to his site plan, but the planning commission nevertheless denied his site-plan application. Because a significant period of time had lapsed between the submission of the plans for review and their denial, Stafa and the seller of the construction site amended their purchase agreement several times.

Stafa timely appealed the decision to the city's zoning board of appeals ("ZBA"), which denied the appeal on January 19, 2021. The minutes from that meeting were approved on March 16, 2021. It is undisputed that Stafa did not appeal the ZBA's decision to circuit court. In May 2021, the city council approved changes to Section 5.06—the NN District zoning ordinance—which changed the building height requirements and transition standards for construction in those districts. On July 15, 2021, Stafa filed an original action in circuit court challenging the denial of his site-plan application and the changes to Section 5.06.

He later filed an amended complaint, requesting declaratory relief, a writ of mandamus or an order of superintending control requiring the planning commission to approve his site plan, or an order for the city to show cause why his site plan should not be approved. The city moved for summary disposition, arguing Stafa did not exhaust his administrative remedies because he failed to file an appeal in the circuit court. As such, the circuit court lacked jurisdiction to consider Stafa's amended complaint. The circuit court agreed and dismissed Stafa's amended complaint. This appeal followed.

## II. STANDARD OF REVIEW

"Summary disposition under MCR 2.116(C)(4) is proper if the court lacks jurisdiction over the presented subject matter." *Mich Head & Spine Institute, PC v Auto-Owners Ins Co*, 338 Mich App 721, 725; 980 NW2d 567 (2021). "Jurisdictional questions are reviewed de novo, but this Court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction." *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 407; 809 NW2d 669 (2011) (alterations, quotation marks, and citation omitted). "Whether plaintiff was required to file an appeal from the denial of a rezoning within twenty-one days involves a question of law." *Sun Communities v Leroy Twp*, 241 Mich App 665, 668; 617 NW2d 42 (2000). Questions of law are reviewed de novo on appeal. *Id*. Similarly, constitutional issues are reviewed de novo. *Citizens for Uniform Taxation v Northport Pub Sch Dist*, 239 Mich App 284, 289; 608 NW2d 480 (2000).

In addition, "[t]he grant or denial of a petition for superintending control is within the sound discretion of the court; absent an abuse of discretion, the Court of Appeals will not disturb the denial of such a request." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 346; 675 NW2d 271 (2003).

### III. LAW AND ANALYSIS

Stafa generally argues that the circuit court erred in dismissing his amended complaint for lack of jurisdiction. We disagree.

Municipalities hold no inherent authority to regulate land use. Rather, that authority is derived from the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.* Under the MZEA, a "local unit of government may require the submission and approval of a site plan before authorization of a land use or activity regulated by a zoning ordinance. The zoning ordinance shall specify the body or official responsible for reviewing site plans and granting approval." MCL 125.3501(1). The city's zoning ordinances vest with the planning commission the authority to approve or deny site-plan applications. Troy Ordinances, Chapter 39, §§ 3.10(A) and (C)(1)(e). The MZEA directs that the ZBA "shall hear and decide appeals from and review any . . . determination made by an administrative official or body charged with enforcement of a zoning ordinance adopted under this act." MCL 125.3603(1); see also Troy Ordinances, Chapter 39, § 15.04(B)(1) ("The [ZBA] shall hear and decide upon . . . [a]ppeals of administrative decisions.").

Although decisions by the ZBA are considered "final," "a party aggrieved by the decision may appeal to the circuit court for the county in which the property is located . . . ." MCL 125.3605. Further, MCL 125.3606(1) states:

> (1) Any party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located. The circuit court shall review the record and decision to ensure that the decision meets all of the following requirements:
>
> (a) Complies with the constitution and laws of the state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.
>
> (d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals.

In *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 595; 983 NW2d 798 (2022), our Supreme Court explained the criteria one must meet to be an "aggrieved party" "under MCL 125.3605 and MCL 125.3606:

> • First, the appellant must have participated in the challenged proceedings by taking a position on the contested decision, such as through a letter or oral public comment.
>
> • Second, the appellant must claim some legally protected interest or protected personal, pecuniary, or property right that is likely to be affected by the challenged decision.

• Third, the appellant must provide some evidence of special damages arising from the challenged decision in the form of an actual or likely injury to or burden on their asserted interest or right that is different in kind or more significant in degree than the effects on others in the local community."

The "aggrieved party" standard is different from the standard articulating a party's "standing" in litigation. Indeed, "the term 'standing' generally refers to the right of a plaintiff initially to invoke the power of a trial court to adjudicate a claimed injury." *Saugatuck Dunes Coastal Alliance*, 509 Mich at 583 (quotation marks and citation omitted).

"The time limit for filing an appeal in the circuit court is jurisdictional; a circuit court lacks jurisdiction over an untimely filed claim of appeal." MCR 7.104(A)(1); *Quality Market v Detroit Bd of Zoning Appeals*, 331 Mich App 388, 393; 952 NW2d 603 (2019). MCL 125.3606(3) directs the timing of such appeals:

(3) An appeal from a decision of a zoning board of appeals shall be filed within whichever of the following deadlines comes first:

(a) Thirty days after the zoning board of appeals issues its decision in writing signed by the chairperson, if there is a chairperson, or signed by the members of the zoning board of appeals, if there is no chairperson.

(b) Twenty-one days after the zoning board of appeals approves the minutes of its decision.

While a party may appeal a decision by "any officer, agency, board, commission, or zoning board of appeals, and by any legislative body of a city, village, township, or county authorized to enact zoning ordinances," MCR 7.122(A)(1), they retain "the right . . . to bring a complaint for relief relating to a determination under a zoning ordinance." MCR 7.122(A)(2). However, "[t]he doctrine of exhaustion of administrative remedies requires that where an administrative agency provides a remedy, a party must seek such relief before petitioning the court." *Connell v Lima Twp*, 336 Mich App 263, 282; 970 NW2d 354 (2021) (citation omitted). If the administrative appellate body cannot provide the relief sought, the doctrine does not apply. *Id*. In addition, if the local law does not provide for an administrative appeal, "a party is not barred from filing a lawsuit in circuit court because of failure to exhaust his administrative remedies." *Id*. In practice, this means that a party may file an original complaint pertaining to a zoning ordinance determination. However, if the issue could have been litigated through an administrative appeal to the circuit court, the exhaustion of administrative remedies doctrine requires the party to first address their concern through an administrative appeal rather than an original complaint.

The ZBA denied Stafa's appeal at its meeting on January 19, 2021, and approved the minutes on March 16, 2021. Therefore, Stafa had 21 days from March 16, 2021 to appeal to the circuit court the ZBA's decision. Instead of filing a timely appeal, he filed an original action against the city on July 15, 2021. The circuit court concluded it lacked jurisdiction over Stafa's appeal because he failed to file it within the 21-day deadline under MCL 125.3606(3). Stafa argues on appeal that the circuit court erred in granting summary disposition because the amended

complaint was not an untimely appeal of the ZBA's decision, rather it was a permissible original action challenging various actions by the city.

To resolve this issue, we first look to the nature of the claims in Stafa's amended complaint. A court is not bound by a party's choice of labels for its cause of action because this would "exalt form over substance." *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011) (quotation marks and citation omitted). This Court determines "the gravamen of a party's claim by reviewing the entire claim, and a party cannot avoid dismissal of a cause of action by artful pleading." *Attorney General v Merck, Sharpe & Dohme Corp*, 292 Mich App 1, 10; 807 NW2d 343 (2011). In fact, the circuit court must look beyond the plaintiff's labels in the complaint to determine the exact nature of the claims. *Norris*, 292 Mich App at 582.

The amended complaint made a number of requests for declaratory relief. It also sought "a Writ of Mandamus or an Order of Superintending Control directing the City of Troy to approve the site plan under the ordinance in effect as of the date of [Stafa's] application." Stafa's demands for declaratory relief fit into two general categories, (1) declaratory relief related to Section 5.06, the new zoning ordinance describing NN Districts; and (2) declaratory relief from the planning commission's denial of Stafa's site plan, and the ZBA's denial of his appeal.

Initially, we conclude Stafa lacked standing to challenge the changes to Section 5.06 of the zoning ordinances. Indeed, Section 5.06 was amended *after* the ZBA denied Stafa's appeal and there is no evidence the newly-enacted language of the ordinance was ever adversely applied to Stafa. "To have standing, a party's injury must be actual or imminent, not conjectural or hypothetical." *Manuel v Gill*, 481 Mich 637, 645 n 4; 753 NW2d 48 (2008) (quotation marks and citation omitted). There is no evidence Stafa suffered any injuries—imminent or otherwise— related to the changes to the ordinance. Stafa, therefore, lacked standing to challenge the changes to the ordinance. The circuit court did not directly address Stafa's challenge to the changes to Section 5.06. However, this Court "will not reverse where the right result is reached for the wrong reason." *Glazer v Lamkin*, 201 Mich App 432, 437; 506 NW2d 570 (1993). Because Stafa lacked standing to challenge the changes to Section 5.06, the circuit court did not err in granting the city's motion for summary disposition related to that request for declaratory relief.

As to Stafa's second request for declaratory relief, Stafa generally contested the planning commission's and the ZBA's assessments and decisions related to his site plan application. Again, a party must exhaust their administrative remedies before filing a complaint in the circuit court. *Connell*, 336 Mich App at 282. Stafa's claims are directly related to the ZBA's denial of his appeal. Therefore, Stafa could have pursued these claims in an appeal to the circuit court. Because Stafa did not timely appeal these claims to the circuit court, the circuit court correctly concluded these claims were time-barred under MCL 125.3606(3) and the circuit court lacked jurisdiction to consider them.

As noted, Stafa also sought equitable relief in the form of a writ of mandamus or, in the alternative, a writ of superintending control requiring the city to approve Stafa's site plan application. The circuit court correctly denied Stafa's demand for a writ of mandamus. Indeed, "[a] superintending control order replaces . . . the writ of mandamus when directed to a lower court or tribunal." MCR 3.302(C); see also *Choe v Flint Charter Twp*, 240 Mich App 662, 665; 615

NW2d 739 (2000) ("[U]nder the current court rules, writs of mandamus directed against inferior tribunals have given way to orders of superintending control.").

The circuit court did not err when it denied Stafa's request for superintending control. The filing of a complaint for superintending control is not an appeal, but rather is an original civil action designed to order a lower court or tribunal to perform a legal duty. MCR 3.302(A); *Shepherd Montessori Ctr Milan*, 259 Mich App at 346-347. MCR 3.302(D)(2) states that when an appeal in the circuit court is available, "that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed." See also MCR 3.302(B) ("If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed."). MCL 125.3605 provides that a party aggrieved by a zoning board of appeal's final decision may appeal to the circuit court. Because Stafa was a party aggrieved by the ZBA's decision, and an appeal of the ZBA's decision was available in the circuit court, the circuit court did not err by dismissing his request for an order of superintending control.

In sum, the circuit court did not err in granting the motion for summary disposition and dismissing Stafa's amended complaint. Stafa lacked standing to challenge the changes to Section 5.06 of the city's zoning ordinances. His claims related to the denial of the site plan application should have been timely appealed to the circuit court. An order of superintending control was not appropriate because an appeal was available. That said, Stafa raises a number of arguments that challenge the circuit court's dismissal of his amended complaint. Although we consider each argument, we conclude that they lack merit and the circuit court correctly dismissed the amended complaint.

## A. CONSTITUTIONAL CHALLENGE

Stafa first argues that his lawsuit was properly filed as an original circuit court action and not as a claim of appeal from the ZBA's decision because he alleged procedural and substantive due-process claims. MCR 7.122(A)(2) does not restrict the right to bring a complaint for relief related to a determination under a zoning ordinance, and as such, Stafa could bring constitutional claims regarding a zoning ordinance in the circuit court without exhausting administrative remedies. However, in *Paragon Props Co v City of Novi*, 452 Mich 568, 576; 550 NW2d 772 (1996), the Michigan Supreme Court discussed the difference between "as applied" and "facial" constitutional challenges. The Court explained that an "as applied" challenge to the validity of a zoning ordinance, "whether analyzed under 42 USC 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality." *Id*. "A facial challenge alleges that the mere existence and threatened enforcement of the ordinance materially and adversely affects values and curtails opportunities of all property regulated in the market. An as applied challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution." *Id*. (quotation marks and citation omitted).

Only one of Stafa's claims in his amended complaint relates to a constitutional issue, and his remaining claims raise issues regarding the planning commission's decision-making process. Ultimately, he challenges the denial of his site plan, but he also makes several general allegations regarding the planning commission's (1) failure to refer to specific sections in the zoning

ordinance or provide specific findings of fact that support its decision; (2) failure to support its decision with competent, material, or substantial evidence; and (3) allegedly unequal, arbitrary, and capricious application of a compatibility standard to his site plan. Stafa further alleged that the planning commission's decision was based on erroneous findings of fact, was an abuse of discretion, and was based on an erroneous interpretation of the zoning ordinance. The amended complaint also alleged in great detail how his site plan complied with the zoning ordinance. Stafa contended that "[t]he [planning commission's] denial of the [preliminary site plan] for the planned project is arbitrary, capricious and unequal because the [planning commission] applied a standard of compatibility to the planned project that it did not apply to a similarly situated project, especially considering that the planned project is less intense than the SLC Project [the similarly situated project]."

It is clear that Stafa did not allege separate causes of action as allowed pursuant to MCR 7.122(A)(2). Instead, he claimed that the planning commission's methods and procedures were defective, and challenged its denial of his site plans. Thus, these are "as applied" constitutional challenges. *Krohn v Saginaw*, 175 Mich App 193, 198; 437 NW2d 260 (1988). These challenges could have been addressed in an appeal of the ZBA's decision in the circuit court. As such, the circuit court did not err by applying the standards under MCL 125.3604(1) and MCL 125.360, or by relying on the doctrine of exhaustion of administrative remedies, to justify its decision to grant the city's motion to dismiss Stafa's claims.

However, Stafa also asked the circuit court to grant a declaratory judgment that the zoning ordinance was unconstitutionally vague with regard to the NN District compatibility and transition standards because it (1) lacked any standards to guide the planning commission's discretion, (2) was indefinite and permitted unstructured and unlimited discretion by the planning commission, (3) failed to provide an applicant with reasonable notice of prohibited conduct, (4) was overbroad, and (5) was incapable of being rationally administered. In his brief on appeal, Stafa restates these allegations in support of his argument that his circuit court action was properly filed as an original action.

An allegation of vagueness involves a facial challenge to a legislative provision. *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 663-665; 669 NW2d 326 (2003). A plaintiff can bring a facial constitutional challenge directly to the circuit court without exhausting any administrative remedies. *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 177; 667 NW2d 93 (2003). However, beyond reciting the standards for vagueness, Stafa does not explain why the zoning ordinance is vague or incapable of rational administration. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). Because Stafa merely announces his position without citation to supporting authority or properly addressing this issue on appeal, this issue is abandoned for our review. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

## B. "AGGRIEVED PARTY" AND STANDING

Stafa next claims he was not an "aggrieved party" under MCL 125.3605 and MCL 125.3606(1). He points to the criteria set forth in *Saugatuck Dunes Coastal Alliance*, 509 Mich at 595, arguing that he lacked a legally protected personal, pecuniary, or property right in challenged

proceedings and that any interest he did have in the litigation was "lost" by the time the planning commission denied the site plan. This assertion conflicts with Stafa's arguments below. In his amended complaint, Stafa alleged that he was a purchaser of the involved property under a conditional purchase agreement, that he extended his conditional purchase agreements at considerable expense and effort because of the many cancelations of the planning commission meetings due to the COVID-19 pandemic, and that he commissioned architectural and engineering firms to develop a preliminary site plan. In his response to the city's motion to dismiss, Stafa also asserted that he had hired an independent consultant to respond to the comments of residents of the community. Given Stafa's allegations and claims, the circuit court did not err by concluding that he had a protected personal and pecuniary interest in the ZBA's decision.

In a related argument, Stafa claims he had "standing" to pursue a claim under MCR 7.122(A)(2). But this is of no consequence because, as discussed, Stafa was an aggrieved party under MCL 125.3605 and MCL 125.3606(1). Therefore, he was required to exhaust all available administrative remedies before filing an original action in the circuit court. To the extent Stafa believes he had standing to challenge the changes to Section 5.06, as we discussed above, Stafa did not suffer any injuries as a result of the changes to the zoning ordinance. Any injuries were speculative in nature, and therefore, Stafa lacked standing to dispute the changes.

## C. REFERENCE TO EARLIER COMPLAINT

According to Stafa, it was improper for the circuit court to reference MCL 125.3605, which governs appeals of ZBA decisions, because he had removed any reference to that statute in his amended complaint and clearly stated that he was not appealing the ZBA's decision. But the substance of Stafa's claims involved the same subject matter as the ZBA's decision, and the city was still permitted to argue the same in its motion to dismiss. So, it was proper for the circuit court to address the applicability of that statute in its decision. Furthermore, as discussed above, the circuit court was free to look to the face of Stafa's amended complaint to determine the nature of his claims. *Norris*, 292 Mich App at 582.

## D. LEGISLATIVE DECISION

Stafa next argues that the planning commission's decision was legislative, and as such, he was not required to appeal the decision to the ZBA. Indeed, the city's zoning ordinance provides that the ZBA shall hear and decide appeals of *administrative decisions*. Troy Ordinances, Chapter 39, § 15.04(B) and (C).

Under MCL 125.3604(1), an aggrieved person may pursue an appeal to the zoning board of appeals. But, a party is not required to pursue an appeal to a zoning board of appeals to challenge the constitutionality of a legislative act of rezoning. *Sun Communities*, 241 Mich App at 672. Further, MCL 7.122(A)(1), which applies to appeals to circuit court from a determination under a zoning ordinance made by a zoning board of appeals, provides that "[t]his rule does not apply to legislative decisions of a city, village, township, or county, such as the adoption of or amendment to a zoning ordinance." However, with regard to zoning matters, site-plan review is "essentially administrative in nature." *Sun Communities*, 241 Mich App at 669. Stafa alleged in his amended complaint that his project was a permitted use under the city's zoning ordinance and did not require any variances, waivers, or exceptions from the ordinance. Stafa did not present any legal or factual

support for his contention that the planning commission's denial of his site plan was legislative in nature. In fact, Stafa's amended complaint asked the circuit court to issue a declaratory judgment that his site plan was in total compliance with the zoning ordinance, and "as an administrative, ministerial action, must be approved." Therefore, the ZBA properly considered the planning commission's administrative decision to deny Stafa's site-plan application. Furthermore, because the decision of the planning commission was an administrative decision, which Stafa appealed to the ZBA, Stafa was required to file a claim of appeal in the circuit court from the ZBA's final decision. MCL 125.3605; MCL 125.3606; MCR 7.122(A)(1). The circuit court was not bound by Stafa's allegation that his cause of action was not an appeal of the ZBA's decision, and it properly analyzed Stafa's claims pursuant to MCL 125.3605 and MCL 125.3606. *Norris*, 292 Mich App at 582.

Affirmed.


/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

-9-